## Gill Estate

*Waters, Fleer, Cooper & Gallagher* and *Rawle & Henderson,* for accountant.

*Charles P. Zerbe,* guardian ad litem.

TAXIS, P. J., November 8, 1966.—The second account of Fidelity-Philadelphia Trust Company, trustee, was examined and audited by the court on October 28, 1966. . . .

This leaves for consideration by this court objections filed by the guardian ad litem concerning trustee's handling of worthless securities.

On pages 19 and 20 of the account, securities have

been declared worthless by trustee without court approval and removed from this trust. The court has been advised that these securities have been removed from the trust, are in trustee's possession, and in a "worthless securities" file maintained by the fiduciary. This court does not attribute any fault to the present accountant for its treatment of the assets as worthless, and agrees that the appropriate practice in these circumstances is to place these worthless assets in a "worthless file" where they can remain clearly earmarked for the estate, provided that such disposition is clearly evidenced in future court accountings of the estate. Although this was done without prior court approval in the present instance, the accounting presently filed is an appropriate manner in which this removal of worthless assets can and is, by this adjudication, confirmed. See Manning Trust, 15 Fiduc. Rep. 293; Fiduciary Review, October, 1966, p. 3.

One other comment should be made concerning worthless securities which were destroyed. On page 8 of the account, there is an entry of July 6, 1953, as follows:

"Received 100 rights of Gulf Interstate Gas Co. pertaining to 100 shares Panhandle Eastern Pipe Line Co. (delivered for cremation 7/21/53)".

These rights were destroyed without first obtaining court approval for their destruction. Destruction of rights or similar documents prior to an accounting without obtaining of court approval thereof is condemned unless the instrument indicates an expiration date following which they have no value in either cash or subscription privileges. The account does not indicate whether this is the case in the above instance, although the guardian ad litem's investigation and report so states. On the assumption that the above rights had expired before the destruction of them, such permission and approval is hereby given nunc pro tunc

with instructions that in the future, worthless securities be dealt with as outlined above either on an accounting, or by way of petition and citation in situations where an interim accounting is not appropriate. . . .

And now, November 8, 1966, this adjudication is confirmed nisi.